# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RICHARD MILEWSKI,

     Plaintiff,

v.

ROBERT LANGFORD, ESQ.,

     Defendant.

Case No.: 3:19-cv-00140-MMD-WGC

**Order**

Plaintiff is an inmate within the Nevada Department of Corrections, housed in Ely State Prison (ESP) and filed his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately

preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has undertaken a preliminary review of Plaintiff's complaint, which asserts that his due process rights were violated when the defendant—his criminal defense attorney, Robert Langford, Esq.—accepted $10,000 to write a brief for the Nevada Supreme Court to replace the previous one submitted by the Clark County Public Defender, and Langford re-filed the brief previously submitted by the public defender. Plaintiff terminated Mr. Lanford, and asserts he has suffered irreparable damage. Mr. Langford is not a state actor for purposes of section 1983. Nor does it appear that Plaintiff otherwise states a cognizable federal claim for relief. Therefore, Plaintiff should be advised that if he submits his completed IFP application and financial certificate

and corresponding documentation, it is likely that his complaint will be dismissed with prejudice, but he will still be responsible for paying the filing fee over time.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate.

Within **thirty (30) days** of the date of this Order, Plaintiff must either: (1) pay the $400 filing fee; (2) submit the completed prisoner IFP documentation and, if granted, pay the $350 filing fee over time; or,(3) advise the court whether he would like to voluntarily dismiss his action, in which case he will not be responsible for paying the filing fee and his case will be closed.

**IT IS SO ORDERED**.

Dated: July 11, 2019.

William G. Cobb
United States Magistrate Judge