UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHARD MILEWSKI,

Plaintiff,

v.

ROBERT LANGFORD,

Defendant.

Case No. 3:19-cv-00140-MMD-WGC

ORDER

*Pro se* Plaintiff Richard Milewski, currently incarcerated and in the custody of the Nevada Department of Corrections, attempted to sue one of his former appointed counsel under 42 U.S.C. § 1983. (ECF Nos. 1, 5.) On July 11, 2019, Plaintiff was ordered to either: (1) pay the filing fee; (2) submit a completed IFP application; or (3) advise the Court whether he would like to voluntarily dismiss his case. (ECF No. 5.) That deadline has has now expired, and while Plaintiff did file two appeals that have since been dismissed (ECF Nos. 6, 7, 8, 9, 10, 11, 12), he has not otherwise responded to, or complied with, the Court's order. Thus, as further explained below, the Court will dismiss this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

(affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation, and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. U.S. Magistrate Judge William G. Cobb's prior order expressly stated: "Within thirty (30) days of the date of this Order, Plaintiff must either: (1) pay the $400 filing fee; (2) submit the completed prisoner IFP documentation and, if granted, pay the $350 filing fee over time; or, (3) advise the court whether he would like to voluntarily dismiss his action, in which case he will not be responsible for paying the filing fee and

his case will be closed." (ECF No. 5 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

It is therefore ordered that this action is dismissed, with prejudice, based on Plaintiff's failure to comply with Judge Cobb's prior order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 21st day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE